IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MOSHE DAVID SHARABI,**

      Petitioner,

v.       //     CIVIL ACTION NO. 1:13CV208
                 CRIMINAL NO. 1:12CR31
                    (Judge Keeley)

**UNITED STATES OF AMERICA,**

      Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16]**

After the petitioner, Moshe David Sharabi ("Sharabi"), filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (dkt. no. 4),[1] the Honorable John S. Kaull, United States Magistrate Judge, entered a report and recommendation ("R&R"), recommending that the Court deny and dismiss with prejudice Sharabi's motion. (Dkt. No. 16). Sharabi responded to the R&R by filing objections (dkt. no. 19), two motions to supplement his claims (dkt. nos. 20, 22), and a motion to unseal one of his exhibits (dkt. no. 24). For the reasons that follow, the Court **GRANTS** Sharabi's motions to supplement and motion to unseal,[2]

---

[1] Unless otherwise noted, all docket numbers are found in Case No. 1:13CV208.

[2] The Court had sealed Sharabi's "Certificate of Disposition" (dkt. no. 22-2), pursuant to LR Gen P 5.08(d) and Fed. R. Civ. P. 5.2(d), because it contained his date of birth. Under Fed. R. Civ. P. 5.2(h), however, a party may waive his or her privacy protection rights.

SHARABI V. USA                                              1:13CV208
                                                            1:12CR31

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

**OVERRULES** his objections, **ADOPTS** the R&R, and **DENIES** and **DISMISSES WITH PREJUDICE** Sharabi's § 2255 motion.

## I. BACKGROUND

On May 1, 2012, the grand jury returned an indictment, that charged Sharabi with four counts of attempted coercion and enticement, and one count of traveling in interstate commerce to engage in a sexual act with a minor. On June 6, 2012, Sharabi pled guilty to Count Five, traveling in interstate commerce to engage in a sexual act with a minor in violation of 18 U.S.C. § 2423(b). Pursuant to Fed. R. Crim. P. 11(c)(1)(C), Sharabi's plea agreement with the government contained a binding sentencing recommendation of "sixty-three (63) months imprisonment, to be followed by at least 5 years of supervised release." (Case No. 1:12CR31, Dkt. No. 20).

On September 5, 2012, in accordance with the plea agreement, this Court sentenced Sharabi to sixty-three (63) months of imprisonment, followed by a term of supervised release for life. During the sentencing hearing, the Court advised Sharabi: "You are required to register with any local or state sex offender registration agency in any state where you reside, are employed,

carry on a vocation or become -- and are a student pursuant to that state's law." (Case No. 1:12CR31, Dkt. No. 41 at 17).

In his § 2255 motion and his supplemental motions, Sharabi alleges that his attorney provided ineffective assistance in the following ways:

1.  "Trial Counsel Failed To Conduct An Adequate Investigation And Recommended A Guilty Plea When Significant Defense Existed" ("Claim One");

2.  "Trial Counsel Failed to File A Motion to Dismiss, Based on Petitioner's Speedy Trial Right Been [sic] Violated Though [sic] A Failure To Timely Indict" ("Claim Two");

3.  "Trial Counsel Failed To Object To Certain Aspects Of The Sentence Imposed" ("Claim Three");

4.  "Trial counsel was ineffective in negotiating a plea agreement that called for a sentence of 63 months imprisonment" ("Claim Four"); and

5.  "Trial counsel was ineffective in failing to object to the imposition of lifetime supervised release" ("Claim Five").

(Dkt. Nos. 4, 20) (capitalization in original).

Judge Kaull concluded that Claims One through Three were meritless. In his objections, Sharabi conceded that "counsel was

3

not ineffective by failing to conduct an adequate investigation and by failing to file a motion to dismiss based upon a violation of petitioner's speedy trial rights." (Dkt. No. 19). However, he does contend that "counsel was ineffective during plea negotiations," and that "counsel was [] ineffective for failing to object to the Sex Offender Registration and Notification Act." Id. After conducting a de novo review of Sharabi's supplemental claims and the claims reiterated in his objections, the Court concludes that all of the grounds of ineffective assistance alleged by Sharabi lack merit.

## II. DISCUSSION

The Sixth Amendment guarantees criminal defendants the right to "the Assistance of Counsel." U.S. Const. amend. VI. "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970) (citations omitted). Moreover, "it is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal . . . .'" United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992)).

A claim of ineffective assistance has two components. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). In evaluating the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In evaluating the second prong, the Court must find "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

**A.    Application of U.S.S.G. § 4B1.5(b)(1)**

According to Sharabi, "[t]rial counsel was ineffective in negotiating a plea agreement that called for a sentence of 63 months imprisonment, because the agreed upon sentence was based on a projected guideline range that included a five level enhancement under U.S.S.G. § 4B1.5(b)(1) that should not have applied." (Dkt. No. 20). The Court cannot agree.

A violation of 18 U.S.C. § 2423(b) corresponds to U.S.S.G. § 2G1.3(a)(4), which provides a base offense level of 24 to

**SHARABI V. USA**                                **1:13CV208**
                                                                                      **1:12CR31**
**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

determine a defendant's applicable guideline range. With no enhancements or mandatory minimum sentence, and assuming a 3-level reduction for acceptance of responsibility, and criminal history category of I, Sharabi's guideline range would have been 37 to 46 months of imprisonment.

The Probation Officer, however, in calculating Sharabi's guideline range in the Presentence Investigation Report ("PSR"), included a 5-level enhancement under U.S.S.G. § 4B1.5(b)(1), which provides as follows:

> In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:
>
> (1) The offense level shall be 5 plus the offense level determined under Chapters Two and Three. . . .

Application Note 2 provides that a "covered sex crime" includes "an offense, perpetrated against a minor, under . . . chapter 117 of [title 18]." Application Note 4(B) provides that:

> (I) <u>In General</u>. -- For purposes of subsection (b), the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor.
>
> (ii) <u>Occasion of Prohibited Sexual Conduct</u>. -- An occasion of prohibited sexual conduct may be considered for purposes of subsection (b) without regard to whether the occasion (I) occurred during

> the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion.

It is undisputed that Sharabi's offense of conviction for violating 18 U.S.C. § 2423(b) falls under chapter 117 of title 18, thus making it a covered sex crime. Likewise, it is undisputed that neither U.S.S.G. § 4B1.1 nor § 4B1.5(a) applied. Therefore, the only issue is whether, in committing his criminal offenses, Sharabi had "engaged in a pattern of activity involving prohibited sexual conduct."

The offense of conviction constituted one occasion of prohibited sexual conduct. In 2003, however, Sharabi had pled guilty to second degree harassment of a minor. In paragraph 46 of the PSR, the Probation Officer elaborated on the 2003 conviction as follows:

> On or about May 12, 2003, the female student's mother was interviewed. She reported to police that her daughter had sexual intercourse with the defendant on November 12, 2002. She further stated she had discovered a note written by her daughter to a friend reflecting these facts. The mother later confronted her daughter and her daughter confessed.

At the sentencing hearing, defense counsel objected to the inclusion of this paragraph in the PSR by stating:

> Your Honor, <u>the objection has nothing to do with either the guideline calculations</u> . . . <u>or the Court's consideration of a plea agreement that's before the</u>

7

> <u>Court</u>. . . . If you look at the narrative section of paragraph 4 of the Draft [PSR] on its face, there was a 13 year old girl who was the victim of statutory rape. That is going to cause the Bureau of Prisons to stand up and take notice. It's going to affect security classifications, where he goes, programming eligibility, so even though <u>it doesn't affect the guidelines</u> it's going to affect him throughout his time in the BOP. What we have here, Judge, is a police officer speaking to a parent who is providing information from a 13 year old and thereafter the parent is saying I don't want you to talk to my daughter directly so there was never any direct contact with the victim in this case. He pleaded to what's called harassment in the second degree up in New York and we attached the statute at issue. I know you should have as much information as possible to make a fair sentencing determination but there has to be a difference between allegations and information that rises to the level of, I guess what's called sufficient indicia of reliability to support its probably accuracy.
>
> I'm either asking the Court to have paragraph 46 amended or just have a short portion of the judgment order, which indicates that it may not necessarily have risen to that standard such that the BOP should not fully take it into account because there is what's called the public safety factor under the security classifications and this falls squarely into those factors. If it's not responded to or rebutted it will affect him throughout his BOP life.

(Dkt. No. 41 at 5-6) (emphasis added).

The Court sustained in part and overruled in the part the objection, explaining;

> We're talking about paragraph 46 on page eight of the PSR and we're talking about the third narrative paragraph within that paragraph 46. What I suggest is we do something akin to the following. The first sentence: The defendant was originally charged with endangering the welfare of a child, facilitating aggravated, unlicensed operation of motor vehicle second and custodial

> interference, lore individual from custody. Upon or about May 12th the female student's mother was interviewed and alleged that sexual intercourse with the defendant -- that the defendant had sexual intercourse with her daughter. That allegation was not confirmed and no further action was taken. The defendant was 20 years old at the time of this offense. Does that satisfy?

Id. at 8-9. After both parties responded affirmatively, the Court continued:

> I think the point here is, as the Government has argued, we need to make sure the Bureau of Prisons has sufficient information to understand the defendant's needs for treatment and risk of recidivism and the -- I think the identifying factor here is that he's a person who has traveled in interstate commerce to meet young women, a 13 year old in the case of the arrest and conviction in paragraph 46 and here a 15 year old young woman. So, therefore, that information needs to be made known to the Bureau of Prisons, as well the question of did he follow through and was there touching and possible intercourse? We don't know the answer to that in paragraph 46.

Id.

As an initial matter, the government did not need to prove, nor did the Court need to find, by a preponderance of the evidence, that Sharabi's 2003 harassment conviction actually involved sexual conduct. This is because the parties had agreed to a binding sentence under Fed. R. Crim. P. 11(c)(1)(C), which permits the government to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or

9

sentencing factor does or does not apply." Importantly, "such a recommendation or request binds the court once the court accepts the plea agreement," Fed. R. Crim. P. 11(c)(1)(C), and "[t]he fact that a judge may consult the Sentencing Guidelines when deciding whether to accept a Rule 11(c)(1)(C) plea agreement is irrelevant." United States v. Brown, 653 F.3d 337, 339 (4th Cir. 2011).

The real issue at hand is whether Sharabi's attorney provided ineffective assistance by negotiating a binding sentencing recommendation of 63 months. According to Sharabi, "had the § 4B1.5(b)(1) enhancement not been considered in the plea agreement negotiations, the sentencing range would have instead called for only 37-46 months imprisonment." (Dkt. No. 20). This, of course, assumes that, at sentencing, the government could not have proven by a preponderance of the evidence -- including the potential subpoenaed testimony of the alleged victim -- that Sharabi's 2003 conviction involved sexual conduct. It further assumes that the government would have been agreeable to a lesser sentence if Sharabi's attorney had only requested it. Neither of these assumptions finds any basis in fact. Therefore, "indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Strickland, 466 U.S. at 689, the Court cannot conclude that defense counsel's

performance during plea negotiations fell below the standard required under the Sixth Amendment.

**B.   Registration as a Sex Offender**

Sharabi contends that his trial counsel was ineffective by failing to object to the Court's imposition of the sex offender registration requirement during sentencing. In his objections, he asserts that he "should not be subject to SORNA [Sex Offender Registration and Notification Act] because no actual minor was victimized by his offense." (Dkt. No. 19). As Judge Kaull outlined in his R&R, Sharabi's argument has no legal merit, and therefore his attorney was not ineffective by failing to object to the Court's imposition of the registration requirement.

Title 18 U.S.C. § 3583(d) provides: "The court shall order, as an explicit condition of supervised release for a person required to register under the [SORNA], that the person comply with the requirement of that Act." Under 42 U.S.C. § 16913(a), "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." A "sex offender" is "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). And a "sex offense" includes "a criminal offense that

is a specified offense against a minor," as well as "a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of Title 18." 42 U.S.C. § 16911(5)(A)(ii) and (iii).

Sharabi pled guilty to and was convicted of violating 18 U.S.C. § 2423(b), which is a federal offense under chapter 117 of Title 18. It also constitutes a "specified offense against a minor," as that term is defined under 42 U.S.C. § 16911(7). Therefore, Sharabi's contention that his attorney was ineffective by failing to object to the registration requirement is without merit.

**C.  Supervised Release for Life**

Finally, Sharabi contends that his attorney provided ineffective assistance because, "[n]ot only did counsel fail to object to lifetime supervised release, he wholly failed to argue for a lesser term." (Dkt. No. 20). Assuming arguendo that defense counsel's performance was deficient in this respect, Sharabi has failed to establish to a reasonable probability, nor could he, that the Court would have imposed a shorter term of supervised release with the aid of argument. Thus, Sharabi's ineffective assistance claim fails under Strickland's second prong.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Sharabi has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court finds that Sharabi has not made the requisite showing, and **DENIES** a certificate of appealability.

### IV. CONCLUSION

For the reasons discussed, the Court **GRANTS** Sharabi's motions to supplement and motion to unseal, **OVERRULES** Sharabi's objections,

**SHARABI V. USA**                                              **1:13CV208**
                                                                **1:12CR31**

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION**

---

**ADOPTS** the R&R, **DENIES** and **DISMISSES WITH PREJUDICE** Sharabi's § 2255 motion, and **DENIES** a certificate of appealability.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record and the pro se petitioner, certified mail, return receipt requested. The Clerk is further directed to enter a separate judgment order.

DATED: October 9, 2015.

                                /s/ Irene M. Keeley
                                IRENE M. KEELEY
                                UNITED STATES DISTRICT JUDGE